FREDERICK W. BOSWORTH, Appellant and Respondent, *v.* STANDARD OIL COMPANY of New York, Respondent and Appellant.

92h 485
72 AD 2323

*Negligence — verdict for $8,000 excessive — reduced to $5,000.*

Upon the trial of an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, the plaintiff recovered a verdict of $8,000, and the court granted a new trial unless the plaintiff would stipulate to reduce the verdict to $5,000. It appeared that the plaintiff while acting as a switchman stepped from between two cars about eighteen inches, into an open barrel sunken in the ground, and was thrown forward striking the right side of his abdomen across the chime of the barrel; that this caused a rupture which necessitated his using a truss from a period about two weeks after the accident; that about three weeks later he had to stop working, and did not work for about two months; that he was then compelled to take a position where the work was lighter and where his pay was reduced twenty dollars a month.

Upon the trial of the action a physician for the plaintiff testified that the plaintiff could never do heavy work again without danger; that the truss might slip and produce strangulated hernia; that in the future he could only safely do light work, and that he could never act again as a switchman. An expert witness for the defendant stated that, in his opinion, a surgical operation could be performed upon the plaintiff, with little risk, at an expense of from $125 to $150 and the loss of a month's time, and that the operation would relieve him. *Held,* that $5,000 was a proper amount of recovery in the action.

APPEAL by the plaintiff, Frederick W. Bosworth, from so much of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 13th day of July, 1895, as orders and directs " that the verdict herein be set aside and a new trial in this action be, and the same hereby is, granted on payment of the plaintiff's costs of the trial to be taxed, upon the ground that the verdict is excessive, unless the plaintiff, within ten days of the service of this order, stipulates to reduce the verdict to five thousand dollars ($5,000), with interest thereon from the day of the rendition of said verdict."

Also an appeal by the defendant, The Standard Oil Company of New York, from the whole of said order.

The action was brought to recover for the alleged negligence of the defendant, in maintaining upon its premises an open barrel near its tracks partially concealed in the earth, into which the plaintiff, while lawfully upon the defendant's premises, fell and was injured.

*Frank Brundage*, for the plaintiff.

*Adelbert Moot*, for the defendant.

WARD, J. :

The only question in this case is whether the verdict for $8,000 was excessive, and whether the order granting a new trial, unless the plaintiff would stipulate to reduce the verdict to $5,000 and interest, should be sustained. The plaintiff contends that the verdict of $8,000 was not excessive, and the defendant contends that it was excessive, and that $5,000 would also be excessive, and that the plaintiff should not have recovered to exceed $2,000.

At the time of the accident (October 18, 1894) to the plaintiff, and for some time prior thereto, the defendant owned and occupied certain premises in the city of Buffalo, New York, known as the Atlas Works, which it was operating as an oil refinery. The Buffalo Creek railroad ran into the yards of the Atlas Works. In connection with its works defendant had laid tracks and erected a filling rack near the tracks for the purpose of loading cars with oil, which tracks and rack were situate in a part of Prenatt street in said city, and were placed there by defendant with the consent and permission of the city authorities, who had the right to grant the same. The

plaintiff was in the employ of the Buffalo Creek Railroad Company as a switchman, and belonged to a crew whose duties were, among other things, to go with an engine upon the lands so occupied by the defendant and remove cars loaded with oil, and also to place upon the tracks in the defendant's yard, or in that vicinity, empty cars, which were placed in position for loading by those engaged in the employment of the defendant.

Partially under the filling rack, and three feet and nine inches from the south rail of the north track, there was an oil barrel sunken in the earth to the depth of thirty inches, which barrel the defendant had kept in that position a long time before the accident. Whether said barrel had been kept covered by the defendant was a controverted question on the trial. The distance from the side of the car to the edge of the barrel was about eighteen inches. While engaged in the performance of his duties as such switchman the plaintiff went in between two cars to couple them, and had let off the brakes. He then stepped out from between the cars into the sunken barrel and sustained the injury complained of. The barrel was open at the time of the accident, the cover lying about two and one-half feet from the barrel. The plaintiff was thrown forward striking the right side of his abdomen across the chime of the barrel. The plaintiff continued his work that day, and at night discovered a soreness across the right side of the abdomen, but suffered no pain until about four days afterwards. The next day he went to work as usual and continued his work for thirteen or fourteen days. In the meantime he discovered a swelling at the place of the injury about the size of a hen's egg. After about ten days he suffered very much pain and soreness. He consulted a physician and discovered that he had a hernia or rupture. He obtained a truss, which was put on November first. After putting on the truss he continued to work more or less, and finally, on the twenty-fourth of November, he gave up work entirely because of his suffering so much pain, and was weak and sick from the accident, and was laid up with his injury and did not work until about the eighteenth of January following. After that he was given a lighter position at lower wages; before his injury he received sixty-five dollars per month; after that he received only from forty to forty-five dollars per month. Before the injury the plaintiff was a vigorous, strong, healthy man,

capable of doing any kind of heavy work, and was thirty years of age. The physician of the plaintiff, Dr. Thomas G. Allen, of Buffalo, in speaking of the injury to the plaintiff and its effect, testified: "It is very doubtful, in my judgment, if Bosworth will ever recover from the effect of that rupture so as to be able to do heavy work. I don't think he will without danger to himself. The shifting of the truss, in climbing from car to car, may cause the rupture to slip out again. There is danger, if he cannot call a surgeon at once, of having strangulated hernia, if he cannot reduce it himself. That is a danger. There would be danger from the rupture to protrude again if the truss were to break, or he were to meet with a sudden fall, so that the truss should give way. He will not, in my judgment, recover from this injury, so as to be able to do more than ordinary light work, without danger to himself. That danger will be constant as long as he wears a truss. In my judgment, he could not safely perform his duties as switchman, getting off and on cars, turning brakes, as he did before this accident, because he would be likely to shift that truss; it is almost impossible to put a pad on a hernia that way and hold it exactly in the spot; the shifting and bending is apt to disturb the pad, and if it gets out of position the rupture will protrude. The rupture is such as during the balance of his life it will prohibit him, with safety, from doing the work he did before. There will be more or less risk to run all the time."

These conclusions of this witness were sustained by another physician called by the plaintiff and were not substantially controverted upon the trial. Dr. Roswell Park was called for the defendant; and after answering a hypothetical question he stated that a surgical operation could be performed, in his opinion, upon the plaintiff with but very little risk, which would relieve him, at the expense of $125 to $150 and the loss of a month's time.

Upon the state of facts here presented we concur with the trial court that the verdict of $8,000 was excessive and should have been reduced, but the injury to plaintiff was serious. It subjected him to a burden of annoyance, pain and danger during the residue of his life unless he chose to take the risks of the surgical operation referred to. He was not obliged to incur that risk. It was a matter of judgment and discretion with him as to whether he should do so.

The learned trial judge having the witnesses before him, observing the condition and appearance of the plaintiff, was better qualified to judge whether the verdict was excessive. and to what extent it should be reduced, than the appellate court, with only the printed record before it, can possibly be ; but from that record we have reached the conclusion that the amount fixed, of $5,000 to which the verdict should be reduced if the plaintiff should stipulate, was proper under the circumstances of this case, and the order should be affirmed, but without costs to either party, with leave to the plaintiff to stipulate, as provided in the order appealed from, within twenty days.

LEWIS and BRADLEY, JJ., concurred.

Order affirmed, without costs of the appeal to either party, with leave to the plaintiff to stipulate, as provided by such order, within twenty days after the service of a copy of this order.